UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN JOYCE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00030-JAW |
| | ) |
| LOUIS DeJOY, | ) |
| United States Postmaster General, | ) |
| | ) |
|     Defendant | ) |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Former United States Postal Service (USPS) employee Kathleen Joyce alleges that beginning in January 2020, the new Postmaster at the United States Post Office in Freeport, Maine, violated her Family and Medical Leave Act (FMLA) rights, harassed her, subjected her to a hostile work environment, discriminated against her on the basis of her age and sex, and retaliated against her by terminating her employment in August 2020. *See* Complaint (ECF No. 1) at Page ID ## 3, 9. Having granted the Plaintiff's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), her complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss the Complaint unless Joyce amends it to address the deficiencies identified herein (including dropping any claims that she cannot remedy) within the fourteen-day objection period.

## I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds

upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

Joyce alleges the following facts. She worked for the Freeport Post Office for seven years. Complaint at Page ID # 9. In January 2020, the Freeport Post Office hired a new Postmaster, Darin Baker. *Id*. Joyce first worked with Baker on January 28, 2020, her first day back at work after a period of FMLA leave. *Id*. From that date forward, Baker "held a false pre-determined bias" against Joyce and "set a path to [her] removal." *Id*. On February 4, 2020, Baker gave Joyce a seven-day suspension of days that she was on FMLA, the same action that had been taken and dropped by Caylee Allen, an acting Officer in Charge. *Id*. On April 14, 2020, Baker issued Joyce a fourteen-day suspension, and on August 14, 2020, he issued her a Notice of Removal. *Id*. Baker treated Joyce differently from other employees, disciplining her but not younger male employees. *Id*. Joyce alleges that Baker harassed and discriminated against her because of her age (64) and sex (female), retaliated against her, and allowed a hostile work environment. *Id*.

On January 13, 2023, Joyce filed the instant action alleging violations of Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA), the FMLA, the Fair Labor Standards Act (FLSA), and the Whistleblower Protection Act (WPA). *Id*. at Page ID # 3. She seeks compensatory damages. *Id*. at Page ID # 10.

## III. Discussion

### A. Title VII & ADEA Claims

I turn first to Joyce's claims of sex- and age-based discrimination. As a threshold matter, she fails to allege facts demonstrating that she exhausted administrative remedies as to either claim or took the necessary steps to avail herself of an option afforded to federal employees pursuant to the ADEA to bypass administrative remedies with respect to age-discrimination claims.

Title VII forbids employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII also contains an "antiretaliation . . . provision [that] forbids discrimination against an employee or job applicant who, *inter alia*, has made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Innocent v. HarborOne Bank*, 319 F. Supp. 3d 571, 573 (D. Mass. 2018) (cleaned up). In a similar manner, the ADEA prohibits employers from discriminating against employees based on age. *See* 29 U.S.C. § 623(a). However, under both statutes, a "failure to exhaust administrative remedies generally bars" employees from pursuing discrimination claims in court. *Montalvo-Figueroa v. DNA Auto Corp.*, 414 F. Supp. 3d 213, 229 (D.P.R. 2019); *see also Lopez-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diocesis de Mayaguez, Inc.*, 245 F. Supp. 3d 360, 368 (D.P.R. 2017) (discussing the ADEA); *Jorge v. Rumsfeld*, 404 F.3d 556, 560, 564 (1st Cir. 2005) (discussing both Title VII and the ADEA).

For purposes of both Title VII and ADEA claims, a plaintiff in a so-called "deferral" state such as Maine "must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred." *Rivera v. P.R. Aqueduct & Sewers Auth.*, 331 F.3d 183, 188 (1st Cir. 2003) (discussing Title VII) (cleaned up); *Basch v. Ground Round, Inc.*, 139 F.3d 6, 8 (1st Cir. 1998) (discussing the ADEA); *Duckworth v. Mid-State Mach. Prods.*, 703 F. Supp. 2d 35, 38 & n.5 (D. Me. 2010) (discussing the ADEA); *Innocent*, 319 F. Supp. 3d at 573 (discussing Title VII).[1] The ADEA also provides federal employees such as the Plaintiff an option to bypass administrative remedies by notifying the EEOC within 180 days after the occurrence of the alleged unlawful age-discrimination practice that they intend to sue and then waiting thirty days before filing suit. *See* 29 U.S.C. § 633a(d); *Jorge*, 404 F.3d at 561.

The Complaint contains insufficient information to allow the Court to infer that Joyce exhausted her administrative remedies as to either claim or, in the alternative, as to her ADEA claim, exercised her option to bypass administrative remedies in accordance with 29 U.S.C. § 633a(d). The issue simply is not addressed.

Joyce's Title VII and ADEA claims suffer from a second deficiency. She supplies virtually no detail concerning the harassment, discrimination, retaliation, or hostile work environment that she allegedly endured because of her age or sex, omitting "the crucial detail of who, what, when, where, and how" required to state a plausible claim. *Byrne*, 2020 WL 1317731, at *5; s*ee also, e.g., Dewey v. Univ. of N.H.,* 694 F.2d 1, 3 (1st Cir. 1982) (A "claim [must] at least set forth minimal facts,

---

[1] A deferral state "has its own laws against age discrimination and a state agency to enforce those laws." *Basch*, 139 F.3d at 8 & n.7.

not subjective characterizations, as to who did what to whom and why."); *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995) ("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims.").

Accordingly, Joyce fails to state claims pursuant to Title VII or the ADEA.

### B. FLSA Claim

The FLSA aims to eliminate "substandard labor conditions" by establishing certain minimum wage and maximum working hour requirements for employees who produce goods and provide services involving interstate commerce. *See* 29 U.S.C. §§ 206-207; *see also Powell v. U.S. Cartridge Co.,* 339 U.S. 497, 509-10 (1950). Employees seeking to challenge their employers' practices pursuant to the FLSA must claim that they "were undercompensated for the work they performed." *Acosta v. Special Police Force Corp.*, 295 F. Supp. 3d 47, 57 (D.P.R. 2018).

As it stands, there is no plausible reading of the Complaint that would allow the Court to infer that Joyce was undercompensated for the work she performed at the Post Office. While Joyce seeks "damages for the loss of [her] job in lost wages, regular hours, overtime, night differential and holiday pay until present," she does not allege that she was undercompensated in any respect while employed. Accordingly, she fails to state an FLSA claim.

### C. WPA Claim

The WPA protects federal employees, such as those employed by the USPS, from retaliatory action taken for whistleblowing activity such as disclosing information that the employee reasonably believes to be evidence of the employer's

6

"(i) . . . violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). To make out a prima facie case of retaliation based on whistleblowing activity, an employee must show that "(1) she engaged in protected activity; (2) she suffered an adverse employment action after or contemporaneous with such activity; and (3) there existed a causal link between the protected activity and the adverse job action." *Bailey v. DeJoy*, No. 1:20-cv-00042-JAW, 2023 WL 176714, at *22 (D. Me. Feb. 3, 2023).

Joyce sets forth no facts that would support a plausible inference that she engaged in "protected activity" as defined above. She therefore fails to state a WPA claim.

### D. FMLA Claim

The FMLA prohibits employers from interfering with employees' exercise of their family and medical leave rights or discriminating against them based on their opposition to a practice made unlawful under the Act. *See* 29 U.S.C. § 2615(a); *see also Richards v. City of Bangor*, 878 F. Supp. 2d 271, 280 (D. Me. 2012). To make out a *prima facie* showing of FMLA retaliation, an employee must show that "(1) she availed herself of a protected FMLA right; (2) she was adversely affected by an employment decision; and (3) there was a causal connection between her protected conduct and the adverse employment action." *Waterman v. Paul G. White Interior Sols.*, No. 2:19-cv-000320-JDL, 2019 WL 5764661, at *3 (D. Me. Nov. 5, 2019). An action to recover damages or for equitable relief must be brought within two years of

7

the date of the last event constituting a violation, although a "willful violation" extends the period to three years. 29 U.S.C. §§ 2617(c)(1)-(2).

Joyce does allege that she took leave pursuant to the FMLA through January 28, 2020 (thus availing herself of those rights) and was terminated on August 28, 2020 (thus experiencing an adverse employment decision). However, the Complaint contains no detail plausibly suggesting that Joyce's use of the FMLA was the *cause* of any adverse employment action. *See Waterman*, 2019 WL 5764661, at *5 (observing that "[w]hether a causal connection exists between an employee's request for FMLA leave and his discharge is a contextual inquiry").

Furthermore, Joyce's FMLA claim is time-barred unless she can show that any FMLA violation was willful, thereby extending her deadline to file that claim from two to three years. *See* 29 U.S.C. § 2617(c). Assuming, favorably to Joyce, that she suffered an FMLA violation on her final date of employment (August 28, 2020), she needed to bring her FMLA claim within two years of that date (August 28, 2022) unless she can show a willful violation, extending that deadline by an additional year (to August 28, 2023). *See id.* She provides no detail (the "who, what, when, where, and how") that would permit a plausible inference of willful violation. *Byrne*, 2020 WL 1317731, at *5.

Joyce, accordingly, fails to state a claim of FMLA violation.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** the Complaint unless Joyce amends it to address the deficiencies identified herein

(including dropping any claims that she cannot remedy) within the fourteen-day objection period.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 13, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge