UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN JOYCE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:23-cv-00030-JAW |
| ) | |
| LOUIS DeJOY, ) | |
| United States Postmaster General, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED PARTIAL DISMISSAL OF COMPLAINT**

Following preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B), I recommended that the Court dismiss former United States Postal Service (USPS) employee Kathleen Joyce's complaint against United States Postmaster General Louis DeJoy unless she amended it to address deficiencies I had identified. *See* Recommended Decision (ECF No. 6). Joyce did not amend her complaint; however, she filed an objection addressing some of those deficiencies. *See* Response (ECF No. 7). Judge Woodcock then remanded the case to me to make a recommendation on whether Joyce's complaint remained deficient in light of her objection. *See* Remand Order (ECF No. 8).

For the reasons that follow, I recommend that the Court dismiss Joyce's claims pursuant to the Fair Labor Standards Act (FLSA) and the Family and Medical Leave Act (FMLA), treat her objection as a supplement to her complaint with respect to her remaining claims invoking Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA), and the Whistleblower Protection Act

1

(WPA), and order the Clerk's Office to prepare the necessary documents for service by the United States Marshals Service.

## I. Discussion

### A. Title VII & ADEA Claims

I faulted Joyce's claims of sex- and age-based discrimination on the bases that she failed to allege facts demonstrating that she exhausted administrative remedies as to either claim and supplied virtually no detail concerning the harassment, discrimination, retaliation, or hostile work environment that she allegedly endured because of her age or sex. *See* Recommended Decision at 4-6. Joyce has now supplied copies of Equal Employment Opportunity Commission (EEOC) paperwork setting forth the details on which she based those claims and indicating that she exhausted her administrative remedies with respect to both. *See generally* Response. Accordingly, these claims now pass muster on preliminary review.

### B. FLSA Claim

I faulted Joyce's FLSA claim on the basis that there was no plausible reading of the Complaint that would allow the Court to infer that she was undercompensated for the work she performed for the USPS. *See* Recommended Decision at 6. Nothing in her Response addresses that point. Hence, I recommend that the Court dismiss her FLSA claim.

### C. WPA Claim

I faulted Joyce's WPA claim on the basis that she set forth no facts that would support a plausible inference that she engaged in "protected activity"—defined as

"whistleblowing activity such as disclosing information that the employee reasonably believes to be evidence of the employer's '(i) . . . violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health or safety.'" *Id*. at 6-7 (quoting 5 U.S.C. § 2302(b)(8)(A)). Joyce's EEOC paperwork indicates that she complained that the USPS terminated her employment in August 2020 in part "in reprisal for prior protected EEO activity." Response at Page ID ## 29-30. With this additional detail, Joyce states a claim that, for purposes of the WPA, she engaged in "protected activity" prior to her termination.

Accordingly, this claim now passes muster on preliminary review.

### D. FMLA Claim

I faulted Joyce's FMLA claim on two bases: that she supplied no detail plausibly suggesting that her use of the FMLA was the cause of any adverse employment action and that her claim appeared to be untimely filed. I noted that, assuming favorably to Joyce, she suffered an FMLA violation on her final date of employment (August 28, 2020), she needed to bring her FMLA claim within two years of that date (August 28, 2022) unless she could show a willful violation, extending that deadline by an additional year (to August 28, 2023). *See* Recommended Decision at 7-8. She does not address either point in her Response.

Hence, I recommend that the Court dismiss her FMLA claim.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Joyce's claims pursuant to the FLSA and the FMLA, treat her objection as a supplement to her complaint with respect to her remaining claims, and order the Clerk's Office to prepare the necessary documents for service by the United States Marshals Service.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: April 26, 2023

                                              <u>/s/ Karen Frink Wolf</u>
                                              United States Magistrate Judge