UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN JOYCE, | ) |
|       Plaintiff | ) ) ) |
| v. | )   2:23-cv-00030-JAW ) |
| LOUIS DEJOY, United States Postmaster General, | ) ) ) ) |
|       Defendant | ) |

**ORDER AFFIRMING PARTIAL DISMISSAL OF COMPLAINT**

The United States Magistrate Judge filed her Recommended Decision with the Court on March 13, 2023. *Recommended Decision After Preliminary Review* (*First Rec.*) (ECF No. 6). The Plaintiff Kathleen Joyce objected on March 29, 2023. *Obj. to the Report and Recommended Decision* (*First Obj.*) (ECF No. 7). On April 7, 2023, this Court remanded to the Magistrate Judge to determine whether Ms. Joyce's complaint remained deficient considering her objection. *Order Remanding Recommended Decision Reserving Ruling* (ECF No. 8). The Magistrate Judge then recommended partial dismissal of Ms. Joyce's complaint on April 26, 2023. *Recommended Partial Dismissal of Complaint* (*Updated Rec.*) (ECF No. 11). Ms. Joyce once again objected on May 12, 2023. *Obj. to the Recommended Partial Dismissal* (*Second Obj.*) (ECF No. 12).

This Court has reviewed and considered the Magistrate Judge's Recommended Decision and Ms. Joyce's renewed objection, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate

Judge's Recommended Partial Dismissal; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her opinion.  The Court offers the following additional discussion to supplement the Magistrate Judge's analysis, in order to further explain to Ms. Joyce why two of her claims must be dismissed.

### I.  TITLE VII, ADEA, AND WPA CLAIMS

First, the Court reiterates the Magistrate Judge's conclusion that Ms. Joyce's claims pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Whistleblower Protection Act all pass muster on preliminary review.  These claims will continue, and Postmaster General Louis DeJoy will be served.

### II.  FLSA CLAIM

The Court affirms the Magistrate Judge's recommendation to dismiss Ms. Joyce's Fair Labor Standards Act (FLSA) claim.  In *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981), the Supreme Court wrote that "[t]he principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Id.* at 739 (citing 29 U.S.C. § 202(a)) (internal quotations omitted).  The Supreme Court went on to say "the FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive a fair

day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay." *Id.* at 728 (cleaned up). To that end, the FLSA, among other things, was written to ensure minimum wage, maximum hours, and child labor protection standards. *See generally* 29 U.S.C. §§ 206-219.

In turn, employees pursuing an FLSA claim must assert they were employed despite being underage, overworked, or as relevant here, "undercompensated for the work they performed." *Acosta v. Special Police Force Corp.*, 295 F. Supp. 3d 47, 57 (D.P.R. 2018). However, merely claiming it to be true is not enough. To "spare prospective defendants the inconvenience and expense of answering" meritless complaints, *Neitze v. Williams*, 490 U.S. 319, 324 (1989), § 1915 of the United States Code, which allows for in forma pauperis proceedings, indicates certain times a Court *must* dismiss a case. *See* 28 U.S.C. § 1915(e)(2). Specifically, the statute says "the court shall dismiss the case at any time if the court determines that" "the action or appeal is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2); 1915(e)(2)(B). The Court has not determined that Ms. Joyce's claim is frivolous or malicious. Nor has the Court determined that she seeks monetary relief against a defendant who is immune. Therefore, the Court considers whether Ms. Joyce has failed to state a claim on which relief may be granted.

A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

3

544, 570 (2007). The Court reads a plaintiff's complaint liberally in this regard. *See Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002). However, the complaint must still contain "the crucial detail of who, what, when, where, and how." *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at * 5 (D. Me. Mar. 20, 2020), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020). The crucial detail must be enough to show that the Plaintiff's rights were violated. *Id.*

In her second objection, Ms. Joyce offers that Postmaster Baker "accused me of stealing time somehow and he was investigating me." *Second Obj.* at 2. Ms. Joyce further claims Postmaster Baker "repeatedly made false accusations against me, passed this false information on to his superiors, fellow employees, etc. which was all put together for my termination." *Second Obj.* at 2. Even after accepting these claims and all the claims in Ms. Joyce's original complaint, there are not enough facts offered to show Ms. Joyce was undercompensated for the work she performed for the United States Postal Service. Without facts demonstrating this under-compensation, there is no relief the Court can grant Ms. Joyce on an FLSA claim. Therefore, the Court must dismiss the FLSA claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if . . . the action or appeal . . . fails to state a claim on which relief may be granted").

### III.  FMLA CLAIM

Next, the Court turns to Ms. Joyce's Family and Medical Leave (FMLA) Act claim and affirms the Magistrate Judge's recommendation to dismiss. The FMLA prohibits employers from interfering with employee's exercise of their family and

medical leave rights. *See* 29 U.S.C. § 2615(a). It also prohibits employers from discriminating against employees if they oppose an employer's unlawful action related to the FMLA. *Id.*

An action for equitable relief or to recover damages "may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). A willful violation extends this filing period to three years. 29 U.S.C. § 2617(c)(2). To make out a prima facie showing of FMLA retaliation, an employee must show that "(1) she availed herself of a protected FMLA right; (2) she was adversely affected by an employment decision; and (3) there was a causal connection between her protected conduct and the adverse employment action." *Waterman v. Paul G. White Interior Sols.*, No. 2:19-cv-00320-JDL, 2019 WL 5764661, at *3 (D. Me. Nov. 5, 2019).

Here, Ms. Joyce claims that there was a willful violation and that she should be granted the three-year filing period. While the court accepts the truth of all well-pleaded facts and gives Ms. Joyce the benefit of all reasonable inferences, the complaint must offer well-pleaded facts to substantiate the claim. In other words, the Court cannot simply take Ms. Joyce's word that the violation was willful. Instead, the law requires the complaint contain "the crucial detail of who, what, when, where, and how." *Byrne*, 2020 WL 1317731, at * 5. "[I]n order to establish a willful violation of the FMLA, a plaintiff must show that 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (2003) (quoting *McLaughlin v.*

5

*Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). At no point in her submissions does Ms. Joyce offer any facts to allow the inference that her employer "knew or showed reckless disregard" that they were violating the FMLA. *Id.* Therefore, the Court is unable to apply the three-year filing period.

Even if the Court applied the three-year filing period, Ms. Joyce's FMLA claim would still falter. As the Magistrate Judge pointed out, Ms. Joyce's complaint "contains no detail plausibly suggesting that her use of the FMLA was the *cause* of any adverse employment action." *First Rec.* at 7 (citing *Waterman*, 2019 WL 5764661, at *5) (emphasis in *First Rec.*). Ms. Joyce's response also fails to supply any detail to allow this Court to infer her FMLA rights were violated. *See Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 720 (1st Cir. 2014) ("She appears to assume that the chronological overlap between her termination and her leave renders the causal connection between the two actions obvious. But while temporal proximity is one factor from which an employer's bad motive can be inferred, by itself, it is not enough—especially if the surrounding circumstances undermine any claim of causation . . . [Plaintiff] gives us no facts beyond the timing of her discharge—e.g., no negative comments, complaints, or expressions of reluctance by her superiors or co-workers about her FMLA leave-taking, no discussion of her FMLA leave status in performance reviews, etc.—that would lead us to think that defendants took her FMLA requests or leave status into account when deciding to discharge her"). Without well-pleaded facts showing the FMLA leave was the cause of the adverse employment action, the Court must dismiss Ms. Joyce's FMLA claim.

## IV. CONCLUSION

It is therefore ORDERED that the Recommended Partial Dismissal of Complaint of the Magistrate Judge (ECF No. 11) be and hereby is AFFIRMED. The Court hereby DISMISSES Kathleen Joyce's Fair Labor Standards Act and Family and Medical Leave claims. The Court ORDERS the Clerk's Office to prepare the necessary documents for service by the United States Marshals Service of her claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Whistleblower Protection Act.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2023