UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN JOYCE,<br><br>    Plaintiff<br><br>    v.<br><br>LOUIS DeJOY,<br>United States Postmaster General,<br><br>    Defendant | No. 2:23-cv-00030-JAW |

**DEFENDANT'S MOTION TO DISMISS**

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) as follows:

**I.     PRELIMINARY STATEMENT**

Plaintiff filed a *pro se* Complaint on or about January 13, 2023. In that pleading, Plaintiff claims the basis for jurisdiction included Title VII, the Family and Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), the Fair Labor Standards Act ("FLSA"), and the Whistleblower Protection Act ("WPA"). Magistrate Judge Wolf issued a recommended decision after preliminary review on March 23, 2023, which identified numerous deficiencies in the Complaint and recommending dismissal unless Plaintiff were able to remedy the pleading. (Dkt. # 6). Rather than filing an amended pleading, Plaintiff objected to the Magistrate Judge's recommended decision (Dkt. # 7), and Judge Woodcock remanded the matter for further review whether Plaintiff's objection cured the identified deficiencies. (Dkt. # 8). After further review, Magistrate Judge Wolf concluded Plaintiff's objection did not address the deficiencies for claims pursuant the FLSA and the FMLA. (Dkt. # 11). Judge

Woodcock affirmed the partial dismissal. (Dkt. # 13). Thus, all that remains are three claims: Title VII, ADEA, and WPA. But the United States Postal Service ("USPS" or "Postal Service") is not subject to the WPA, and therefore Defendant moves to dismiss that claim as a matter of law.

## II.   FACTUAL BACKGROUND

Plaintiff worked as a retail window and mail distribution clerk for the Freeport, Maine Post Office. *See* Cmpl. Dkt. # 1 at Page ID # 9. In this position, Plaintiff was issued two pieces of progressive discipline: a seven-day suspension in February 2020 and a fourteen-day suspension in April 2020.[1] *Id.* Plaintiff was ultimately issued a Notice of Removal, terminating her employment with the USPS on August 14, 2020. *Id.* Plaintiff alleges that the Postmaster harassed and discriminated against her because of her age (64) and sex (female), retaliated against her for prior EEO activity, and allowed a hostile work environment. *Id.*

## III.   LEGAL STANDARD

### A.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction

When reviewing a motion to dismiss, the Court is required to "interpret the *pro se* complaint liberally." *Doyle v. Porter*, No. 2:22-cv-00127-GZS, 2022 WL 3716245, * 1 (quoting *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018)). Nonetheless, Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited

---

[1] Neither piece of progressive discipline is within the Court's jurisdiction. Plaintiff fully and finally litigated the seven-day suspension in the administrative process. She had until March 27, 2022, to file a civil action over the seven-day suspension. This she failed to do. Instead, she waited until January 13, 2023, making her filing 292 days late. The fourteen-day suspension is not justiciable, because Plaintiff failed to exhaust it in the administrative process. Plaintiff failed to seek EEO counseling over it until 162 days after she was issued the discipline.

2

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may consider materials outside the pleadings on a Rule 12(b)(1) motion. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002).

IV.   ARGUMENT

Defendant moves to dismiss Plaintiff's WPA claim pursuant to Fed. R. Civ. P. 12(b)(1), because the USPS is not an "agency" and Plaintiff is not an "employee" for purposes of—or subject to—the WPA.

    **A.   Plaintiff's WPA claim must be dismissed for lack of subject matter jurisdiction.**

The WPA, 5 U.S.C. § 2302, prohibits reprisal for whistleblowing activities by certain employees of the federal government. 5 U.S.C. § 2302(a)(B).

Though many federal agencies fall within this statutory purview, the USPS is not one of them. As this Court has held, "Because the Postal Service is excluded from the definitions of an 'Executive department', a 'Government Corporation', and an 'independent establishment' under Title 5 . . . the Postal Service is not within the definition of "agency" for purposes of the WPA." *Mallard v. Brennan*, No. 1:14-cv-00342-JAW, 2015 WL 2092545, *8 (D. Me. May 5, 2015); *see also Hickok v. U.S. Postal Serv.*, No. 2:04CV573 DAK, 2006 WL 3760137, * 6 (D. Utah Dec. 18, 2006) ("From a plain reading of the Whistleblower Protection Act it is clear that the USPS is not covered by the Act.")(citing *Booker v. Merit Sys. Prot. Bd.* 982 F.2d 517 (Fed. Cir. 1992) ("The definition of 'agency' in section 2302(a)(2)(C) does not include the United States Postal

3

Service, ...."); *Oslowski v. Merit Sys. Prot. Bd.*, 117 Fed. App'x. 748, 751 (Fed. Cir. 2004) (Citing that the United States Postal Service "is specifically excluded from the generally applicable definition of 'executive agency' in 5 U.S.C. § 105...."). Accordingly, except where otherwise specifically provided, the USPS is exempt from laws relating to other federal agencies, including most of Title 5. *See* 39 U.S.C. § 410(a).

Further, 5 U.S.C. § 2105(e) specifically states "[e]xcept as otherwise provided by law, an employee of the United States Postal Service or of the Postal Regulatory Commission is deemed not an employee for purposes of this title." The Court identified the same in *Mallard*, 2015 WL 2092545, *8. For these reasons—that is, because the USPS is not an "agency" and Plaintiff is not an "employee" subject to the WPA—the Court in *Mallard* dismissed the WPA claim pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction.

To be clear, employees of the USPS are not without recourse for allegedly prohibited personnel practices that they believe were taken against them because of whistleblowing activity. These separate whistleblower protections for USPS employees, however, do not create a private cause of action under the WPA or any other federal statute.[2] *See Mallard*, 2015 WL 2092545, *9.

Here, construed in a light most favorable to the Plaintiff, she alleges that the agency committed a prohibited personnel practice against her for engaging in whistleblower activities. Setting aside that there is no indication that Plaintiff engaged in

---

[2] Regulation of the USPS consists of, among other things, its handbooks and manuals. 39 C.F.R. § 11.2. Employee and Labor Relations Manual ("ELM") § 666.3, *Whistleblower Protection*, provides an avenue for employees to report allegations of PPP and have them investigated by the USPS Office of Inspector General. Although Plaintiff was free to pursue a whistleblowing claim under internal USPS regulations, she failed to do so.

the proper whistleblower protections afforded to USPS employees, what matters here is that the Court lacks jurisdiction over Plaintiff's WPA claim. Here, as in *Mallard*, Plaintiff's WPA claim should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's WPA claim should be dismissed with prejudice.

Dated:  October 31, 2023

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

By:  */s/ Trevor H. Taniguchi*
Trevor Taniguchi
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Trevor.Taniguchi@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on October 31, 2023, I electronically filed the foregoing Motion to Dismiss using the CM/ECF system.

      A service copy of the foregoing was also sent to the following:

Kathleen Joyce
45 Winn Road
Falmouth, ME 04105

                                      DARCIE N. MCELWEE
                                      United States Attorney

              by:     */s/ Grace Herrick*
                                      GRACE HERRICK
                                      Paralegal Specialist

     on behalf of:   TREVOR H. TANIGUCHI
                                      Assistant United States Attorney
                                      U.S. Attorney's Office
                                      100 Middle Street
                                      Portland, Maine 04101
                                      (207) 780-3257
                                      trevor.taniguchi@usdoj.gov